**FILED**

JUL 3 0 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PALANTIR.NET, INC.,
 an Illinois corporation,

Plaintiff,

v.

PALANTIR TECHNOLOGIES, INC.,
 a Delaware corporation,

Defendant.

}

**07CV4271
JUDGE GUZMAN
MAG. JUDGE VALDEZ**

## COMPLAINT

**NOW COMES PLAINTIFF**, PALANTIR.NET, INC. ("Palantir"), by and through its

attorney, Thomas D. Rosenwein of Gordon, Glickman, Flesch & Rosenwein, and for its

Complaint against defendant Palantir Technologies, Inc. ("PTI"), states as follows.

### PARTIES

1. Palantir is a corporation organized and existing under the laws of the State of

Illinois, with its principal place of business in this district located at 1601 Simpson Street, Suite 6,

Evanston, Illinois 60201.

2. Upon information and belief, PTI is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business in Palo Alto, California.

### NATURE OF CASE

3. This is an action for trademark infringement and related statutory and common law

violations. Palantir has been using the mark PALANTIR® since 1996 in connection with a

variety of computer software services. In 2004, PTI was organized as a company and recently has

been using the identical mark in advertising for its computer software services. This action is

brought to end the likelihood of confusion that PTI's use of "Palantir" in commerce has and will cause and to obtain relief for injuries caused by PTI's conduct.

## JURISDICTION AND VENUE

4.     This action arises under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051, *et seq.* and the statutory and common laws of Illinois.

5.     This Court has original subject-matter jurisdiction over all asserted claims under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332 and 1338, and 28 U.S.C. §1367.

6.     PTI is doing business in this judicial district, has committed one or more tortious acts in this judicial district, and is subject to personal jurisdiction in this district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## EVENTS

8.     Long prior to PTI's use of "Palantir," Palantir has been using the mark PALANTIR® in connection with its computer services.

9.     On January 31, 2006, Palantir was granted a federal trademark registration on the principal register of the Patent and Trademark Office.  A copy of that registration is attached hereto as Exhibit A.

10.    By virtue of that registration, Palantir has nationwide rights in connection with the use of the mark PALANTIR® for at least the following services: "computer services, namely designing and hosting network websites for others, designing database software for others, designing multi-media software for others, and designing in the field of multi-media presentations for others."

11.     Palantir has promoted the PALANTIR® mark for over ten years and its use long proceeds PTI's adoption of the trade name Palantir Technologies, Inc. and "Palantir" as a symbol for its computer software services.

12.     Palantir is also the owner of several domain names, including www.palantir.biz, www.palantir.net and www.palantir.org.

13.     PTI currently operates a website at www.palantirtech.com.

14.     PTI characterizes itself on its website as a "software start-up" and shows its product as "an analytic platform" for "revolutionizing information analysis and management."

15.     In fact, PTI is a company engaged in the development of database software.

16.     Palantir contacted PTI in February 2007, complaining that PTI's use of "Palantir" was in violation of Palantir's preexisting rights.  In that correspondence, Palantir demanded that PTI cease and desist use of "Palantir" in its trade name and as a brand in all advertising, promotion and displays of PTI's services in whatever media.

17.     PTI refused to cease its use.  Instead, two days after receipt of the cease and desist correspondence, PTI filed an application for "Palantir" with the United States Patent and Trademark Office, deceptively failing to disclose that its services involve computer services or database software.

## I.     FIRST CLAIM FOR RELIEF:
## UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT

18.     Palantir incorporates paragraphs 1-17 as paragraphs 1-17 of this Count I as though fully set forth herein.

19.     PTI's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of services offered by PTI, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

20.     PTI's acts complained of herein also constitute an attempt to trade on the good will which Palantir has developed in and to its trademarks and service marks, all to the damage of Palantir.

21.     Palantir and the public have generally been harmed irreparably by PTI's actions, and therefore have no adequate remedy at law.

## II.     SECOND CLAIM FOR RELIEF: SECTION 32(1) OF THE LANHAM ACT

22.     Palantir incorporates paragraphs 1-21 of Count I as paragraphs 1-21 of this Count II as though fully set forth herein.

23.     PTI intentionally adopted and continues to use the "Palantir" mark with full knowledge of Palantir's superior federally registered service mark and with full knowledge that its unauthorized use of that mark is intended to cause confusion, mistake or deception.

24.     PTI's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of Palantir's established and superior rights.  As a result of PTI's unlawful actions, Palantir has suffered commercial harm.

25.     Palantir has also been, and continues to be, harmed irreparably by PTI's unlawful actions and has no adequate remedy at law.

## III.     THIRD CLAIM FOR RELIEF: FEDERAL SERVICE MARK DILUTION

26.     Palantir incorporates paragraphs 1-25 of Count II as paragraphs 1-25 of this Count III as though fully set forth herein.

27.     PTI's acts complained of herein are likely to cause dilution by blurring or dilution by tarnishment of Palantir's famous PALANTIR® service mark.

28.     PTI's acts complained of herein thus constitute dilution in violation of the

Trademark Dilution Revision Act of 2006, §43 of the Lanham Act, 15 U.S.C. §1125(c).

29.     Palantir has generally been harmed irreparably by PTI's actions and there is no

adequate remedy at law.

## IV.     FOURTH CLAIM FOR RELIEF:
### ILLINOIS ANTI-DILUTION ACT

30.     Palantir incorporates paragraphs 1-29 of Count III as paragraphs 1-29 of this

Count IV as though fully set forth herein.

31.     Through the acts complained of above, PTI has diluted Palantir's famous,

inherently distinctive service mark in violation of the Illinois Anti-Dilution Act,

§765 ILCS 1036/65.

32.     PTI's intentional and willful acts have caused harm to Palantir and will continue to

cause injury in the future.

33.     Palantir has generally been harmed irreparably by PTI's actions and there is no

adequate remedy at law.

## V.     FIFTH CLAIM FOR RELIEF:
### ILLINOIS CONSUMER FRAUD STATUTE

34.     Palantir incorporates paragraphs 1-30 of Count IV as its paragraphs 1-33 of this

Count V as though fully set forth herein.

35.     PTI is passing off their goods as those of Palantir and is causing a likelihood of

confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of

its services and/or products with Palantir, in violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act, §815 ILCS 505/1, *et seq..*

36. PTI's willful actions have caused harm to Palantir and will continue to cause harm in the future.

37. Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## VI. SIXTH CLAIM FOR RELIEF: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

38. Palantir incorporates paragraphs 1-37 of Count V as paragraphs 1-37 of this Count VI as though fully set forth herein.

39. PTI is passing off its goods as those of Palantir and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir, in violation of the Illinois Uniform Deceptive Trade Practices Act, §815 ILCS 510/1, *et seq.*.

40. PTI's willful actions have caused harm to Palantir and will continue to cause harm in the future.

41. Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## VII. SEVENTH CLAIM FOR RELIEF: COMMON LAW UNJUST ENRICHMENT

42. Palantir incorporates paragraphs 1-41 of Count VI as paragraphs 1-41 of this Count VII as though fully set forth herein.

43. Palantir is the sole owner of the service mark PALANTIR® identified above. Nonetheless, PTI has wrongfully used Palantir's service mark as part of the scheme to deceive. As a result of that use, PTI has enjoyed a benefit to which it is not entitled, and Palantir has suffered damage.

44.     PTI's acts complained of herein thus constitute unjust enrichment under the common laws of Illinois.

45.     Palantir and the public have generally been harmed irreparably by the actions of PTI and there is no adequate remedy at law.

## VIII.  EIGHTH CLAIM FOR RELIEF: COMMON LAW UNFAIR COMPETITION

46.     Palantir incorporates paragraphs 1-45 of Count VII as its paragraphs 1-45 of this Count VIII as though fully set forth herein.

47.     The actions of PTI, as described above, have caused interference with the established and superior rights of Palantir.

48.     As such, the actions of PTI constitute unfair competition under Illinois common law.

49.     Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Palantir prays for this Court to:

A.      Grant a permanent injunction restraining and enjoining PTI and all those in privity, concert or participation with PTI from:

        i.      Imitating, copying, duplicating or otherwise making use of Palantir's service mark identified above, or any mark confusingly similar to such mark, or cause dilution or impair the distinctive nature of Palantir's mark identified above;

        ii.     Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any

7

service or product advertised, promoted, offered or sold by PTI in connection with, or sponsored, approved, endorsed or authorized by Palantir;

iii.    Causing a likelihood of confusion or injury to Palantir's business reputation and to the distinctiveness of Palantir's service mark, as identified above;

iv.    Engaging in any other activity constituting unfair competition or infringement of Palantir's service mark identified above, or dilution of that service mark or of Palantir's rights in or to use or to exploit its service mark; and

v.    Assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in any of the above set forth paragraphs.

B.    Find that PTI has infringed Palantir's service mark identified above in violation of federal and state laws, and have damaged Palantir's good will by the acts complained of herein.

C.    Find that the acts of PTI constitute service mark dilution in violation of federal law.

D.    Find that PTI has unfairly competed with Palantir by the acts complained of herein in violation of federal and state laws.

E.    Find that the acts of PTI violate the Illinois Anti-Dilution Act.

F.    Find that the acts of PTI violate the Illinois Consumer Fraud Act.

G.    Find that the acts of PTI violate the Illinois Uniform Deceptive Practices Act.

H.    Find that the acts of PTI constitute unfair competition and unjust enrichment under Illinois common law.

I.    Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns, and all those in privity or in concert with PTI who receive actual notice of said Order to deliver up all signs, articles and promotional advertising, and any other printed

8

materials of any kind bearing Palantir's service mark and/or a mark confusingly similar to Palantir's service mark, or causes dilution of the famous service mark identified above.

J.  Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns of, and all of those in privity or concert with PTI that receive actual notice of said Order, to remove from the Internet all matter of any kind bearing Palantir's service mark as identified above, or any mark confusingly similar to Palantir's service mark, or causes dilution of the famous service mark identified above.

K.  Award Palantir actual damages and profits in an amount to be determined at trial for all claims asserted, or that statutory damages be awarded as may be appropriate.

L.  Award Palantir its attorneys' fees and all costs and expenses of the litigation.

M.  Award Palantir increased damages due to the willful and wanton nature of PTI's conduct.

N.  Award Palantir punitive damages, exemplary damages and other similar appropriate damages.

O.  Award Palantir prejudgment and post-judgment interest.

P.  Award Palantir such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**JURY DEMAND**

Palantir demands a jury trial on all issues so triable.

**PALANTIR.NET, INC.**

Dated: July 30, 2007

By: _____

One of the Attorneys for Plaintiff

9

Thomas D. Rosenwein (#2391597)
James A. Flesch (#3127112)
Don E. Glickman (#972525)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
(312) 346-1080



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Jul 28 04:06:53 EDT 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | PALANTIR |
| **Goods and Services** | IC 042. US 100 101. G & S: Computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others. FIRST USE: 19960700. FIRST USE IN COMMERCE: 19960700 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76399465 |
| **Filing Date** | April 22, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 8, 2005 |
| **Registration Number** | 3052005 |
| **Registration Date** | January 31, 2006 |
| **Owner** | (REGISTRANT) **Palantir.net**, Inc. CORPORATION ILLINOIS 1601 Simpson St. Suite 6 Evanston ILLINOIS 60201 |
| **Attorney of Record** | Jeffrey S. Wilson |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | **LIVE** |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP



EXHIBIT

A