UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PALANTIR.NET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07 C 4271 |
| | ) | |
| PALANTIR TECHNOLOGIES, INC., | ) | Honorable Judge Ronald Guzman |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.      INTRODUCTION.

Defendant, Palantir Technologies, Inc. ("PTI"), hereby moves the Court for an order dismissing this case without prejudice or transferring this case to the Northern District of California, in which PTI has instituted its first-filed action. Only by dismissing this lawsuit, or transferring it to California where it may be consolidated with the pending first-filed lawsuit, will the parties avoid the inappropriate duplication of efforts caused by two co-pending federal lawsuits over the same trademark.

PTI was incorporated in 2003 and began using the PALANTIR mark in commerce in 2005. In February 2007, counsel for plaintiff Palantir.net, Inc. ("PNI") sent a letter to PTI's Palo Alto, California offices demanding that PTI cease and desist use of the PALANTIR mark. The parties sought to settle the dispute over the months that followed. After concluding that settlement was not possible, PTI filed suit in the United States District Court for the Northern District of California on July 27, 2007, Case No. C-07-3863 CRB (the "California Lawsuit"). After learning of the California Lawsuit, PNI filed this lawsuit three days later, on July 30, 2007.

Rather than answering the California complaint, PNI filed a motion to dismiss the California Lawsuit. On September 21, 2007, Judge Breyer denied PNI's motion to dismiss and ruled that the California Lawsuit would go forward. In light of that ruling, this lawsuit should be dismissed. At the very least, the Court should order this lawsuit transferred to the Northern District of California where the claims raised in the complaint may be heard in the pending California Lawsuit.

## II.  FACTUAL BACKGROUND.

PTI has been using its PALANTIR trademark since as early as August, 2005 in connection with providing information and data management and exploration services to others and designing and selling software to facilitate the same. The word "palantir" comes from the classic novels of J.R.R. Tolkein and means magical object or "seeing stone." (Lueck Decl., ¶ 5) To help protect its rights in its trademark, PTI filed an application to federally register PALANTIR on February 20, 2007 in connection with "information and data management and exploration; namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information." PTI's trademark application was filed without any knowledge that PNI objected to the use and registration of the PALANTIR mark. (Declaration of Dwight Lueck ("Lueck Decl."), ¶6, attached hereto as Exhibit A).

Also in February 2007, PTI received a cease and desist letter from PNI objecting to the use of PTI's trademark, contending that such use constituted trademark infringement and caused a likelihood of confusion. (*See* Ex. C to Lueck Decl.). Subsequently, PNI, through counsel, has repeatedly voiced the position that the use of PTI's trademark causes a likelihood of confusion and constitutes trademark infringement. (Lueck Decl. ¶ 9). While PNI's communications have

demanded that PTI cease use of its mark, at no time did PNI provide a deadline for PTI to cease use of its mark or threatened suit by a date certain. *Id. at* ¶ 9.

After receiving PNI's first letter and investigating PNI's claims, PTI sent a letter to Plaintiff on March 8, 2007 denying that any likelihood of confusion exists and stating PTI's belief that the party's respective marks could coexist. Additionally, PTI sought a conversation with PNI to discuss the matter and to try to find an amicable solution. (Lueck Decl. ¶ 11; Declaration of Dr. Alexander Karp ("Karp Decl."), ¶ 9). Although PTI remained hopeful the matter could be resolved amicably, in advance of the settlement meeting on June 28, 2007, Dr. Alexander Karp ("Karp"), Chief Executive Officer of PTI, instructed PTI's counsel to prepare a complaint that could be filed in the United States District Court for the Northern District of California, where PTI is located and where PTI believed the dispute should be resolved. (Karp Decl. ¶ 11).

On June 28, 2007, Karp met with PNI's representatives. He reiterated PTI's assertion that the parties' marks could coexist. (Karp Decl. ¶ 10). During the meeting, the Parties agreed that PTI would prepare and circulate a proposed agreement hoping to address Plaintiff's concerns. *Id.* at ¶ 12.

At no time, either during this June 28 meeting, or before or after the meeting, did PTI state or imply that PTI would not file suit against PNI because the parties were engaged in settlement discussions. (Lueck Decl. ¶¶ 14, 15; Karp Decl. ¶¶ 17, 18). Also, at no time has PNI stated or implied that it was foregoing filing suit against PTI because the parties were engaged in settlement discussions. *Id.*

On July 13, 2007, PTI provided in good faith to PNI a proposed settlement agreement (the "Proposal"). (Lueck Decl. ¶ 13). On July 24, 2007, PNI sent to PTI a counter-proposal that

consisted of drastic changes to PTI's original proposed terms for settlement (the "Counter-Proposal"). *Id.* at ¶ 16. After seeing the radical changes that PNI had made to what PTI believed to be a very generous settlement proposal, Karp authorized PTI's counsel to conclude preparation of, and to file the complaint against PNI. (Karp Decl. ¶ 15).

## III.  PROCEDURAL BACKGROUND.

PTI filed the California Lawsuit on July 27, 2007. PNI was served with the summons and complaint on August 1, 2007. (Lueck Decl. ¶ 20). PNI filed a "Motion to Dismiss or, in the Alternative, to Stay This Action Until the Pending Illinois Case is Decided." That motion was fully briefed and a hearing on the motion was held on September 21, 2007. Judge Breyer stated from the bench that he was denying PNI's motion, which would be confirmed in a subsequent formal order. He also ordered that PNI answer the complaint on or before October 19, 2007, and that a case management conference will be held on November 2, 2007. (Lueck Decl. ¶ 24).

On July 30, 2007, by its own admission after it knew that PTI had commenced the California lawsuit, PTI filed a Complaint in this Court and sent to PTI a copy of the Complaint with a Request for Waiver of Summons on July 30, 2007. (*See* Ex. F to Lueck Decl. at pp. 6-7). On August 27, 2007, PTI returned the Waiver of Service. (Lueck Decl. ¶ 23). PTI files this motion in lieu of an answer to the merits of PNI's complaint.

## IV.  ARGUMENT.

The procedural posture of this case makes it unusual. PTI filed its California Lawsuit first. PNI moved to dismiss that lawsuit, and the California Court denied PNI's motion. As a result, it is clear that the California Lawsuit will proceed regardless of whether this Court dismisses or transfers this lawsuit. PTI has found no precedent for a duplicative lawsuit such as

this proceeding under circumstances such as this. Indeed, judicial economy and the interests of justice demand that this duplicative lawsuit be dismissed.

A.    PTI's Motion to Dismiss Should Be Granted

"The Seventh Circuit has long held that a federal suit may be dismissed in the interests of judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Black & Decker Corp. v. Vermont American Corp.,* 915 F. Supp. 933, 935 (N.D. Ill. 1995), *citing Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993). Generally, "a suit is considered duplicative if the 'claim, parties and available relief do not significantly differ between the two actions.'" *Serlin,* 3 F.3d at 223, *quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1213 (N.D. Ill. 1983).

The defendant in *Indianapolis Motor Speedway v. Polaris Industries, Inc.,* 2000 WL 777895 (S.D. Ind. 2000) filed a declaratory judgment action for non-infringement of a trademark in Minnesota after receiving a cease and desist letter and entering into discussions with the plaintiff. *Indpls. Mtr. Spdwy.,* 2000 WL 777895 at *1. Without knowledge of the first-filed complaint, the plaintiff filed an infringement lawsuit several months later in the Southern District of Indiana. *Id.* After determining that the defendant's first-filed complaint was not a preemptive lawsuit or brought in bad faith, the court held that the second filed lawsuit was duplicative and dismissal was proper since the parties, substantive issues, and relief were identical.[1] *Id. at* *6.

These facts and procedural posture of the present case are nearly identical to those in *Indianapolis Motor Speedway.* In finding that PTI has not acted in bad faith or attempted to make a preemptive strike by filing its Complaint requesting declaratory judgment, the California District Court has now ordered that PNI answer PTI's Complaint. (Lueck Decl. ¶ 24).

---

[1] Although the court found dismissal was warranted, the court ultimately chose to instead transfer the case. *Indpls. Mtr. Spdwy.,* 2000WL777895 at *6.

Additionally, comparison of PTI's Complaint in the California Lawsuit for non-infringement and PNI's Complaint asserting infringement demonstrate that the same issues, parties, and requests for relief are at issue. PNI's Illinois state law claims for dilution, consumer fraud, deceptive trade practices, unjust enrichment and unfair competition merely parallel its federal trademark claims. Given the duplicative nature of the second-filed lawsuit, PNI's lawsuit should be dismissed.

There are exceptions to the first to file rule; for example, in cases where a declaratory judgment action is filed as a "preemptive strike" in anticipation of an infringement suit in order to gain "home court advantage" and to delay resolution of a dispute, the Seventh Circuit has held that transfer is improper. *Tempco Elec. Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir. 1987). However, none of these concerns are present in this case[2]. Therefore, dismissal of the second-filed lawsuit is warranted.

In *Tempco,* the plaintiff brought a declaratory judgment action in the Northern District of Illinois after the defendant demanded that plaintiff cease use of the mark and on the *same* day that the defendant made a concrete threat of litigation. *Id.* at 747. Several days later, the defendant filed an infringement suit in another district and moved to dismiss the plaintiff's compliant. *Id.* The Seventh Circuit affirmed dismissal of the first-filed declaratory judgment action. *Id.* at 750.

The facts and procedural posture of this case are different from those in *Tempco.* Here, PNI did not demonstrate that a lawsuit was imminent -- it did not make any specific, concrete threats of litigation or provide any deadline by which PTI was to comply with PNI's demands. (Lueck Decl. ¶¶ 14, 15; Karp Decl. ¶¶ 17-19). Rather, PNI continued to assert over a period of

---

[2] PNI's motion to dismiss the California Lawsuit raised these issues. Lueck Dec., Ex. F. The California court denied PNI's motion. Lueck Dec., ¶ 24.

five months that PTI's mark infringed PNI's rights, clouding PTI's own rights with no end in sight to PNI's threats. *Id.*

Additionally, the court in *Tempco* had to decide whether to dismiss a declaratory judgment action in light of a later-filed infringement suit filed in another district. *Tempco*. 819 F.2d.,746. In this case, this Court is presented with a motion to dismiss the second-filed action in light of a prior-filed declaratory judgment action filed in another district. Under such circumstances, dismissal of the second filed action is appropriate. *Indpls. Mtr. Spdwy.*, 2000 WL 777895, *4, *Black & Decker*, 915 F.Supp., 937, *Koos, Inc. v. Performance Indus., Inc.*, 747 F.Supp. 487, 492 (N.D. Ill. 1990).

For these reasons, dismissal of the subject Complaint is warranted under the first-to-file rule.

B. <u>At the Very Least, the Pending Lawsuit Should Be Transferred to the Northern District of California So That PNI's Claims May Be Raised as Compulsory Counterclaims</u>

In the alternative, transfer of this action to the Northern District of California is proper. Motions to transfer are governed by 28 U.S.C. § 1404(a) which states that a federal district court may, "for the convenience of the parties and witnesses and in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." *Technical Concepts L.P., v. Zurn Industries, Inc.*, 2002 WL 31433408, *2 (N.D. Ill.), *citing Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Such a transfer is appropriate if "(1) venue was proper in the transferor district, (2) venue and jurisdictions would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses as well as the

interests of justice." *Id., citing United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998)[3].

The decision to transfer the subject case must take into account the private interests of the parties and the public interests of the Court. *Id., citing Medi USA v. Jobst Inst., Inc.*, 791 F.Supp. 208, 210 (N.D. Ill. 1992). As a decision to transfer an action is committed to the district court's sound discretion, in light of the several factors below favoring PTI and California, transfer of this case is warranted. *Coffey,* 796 F.2d., 219.

### 1. The Private Factors Favor Transfer of this Case

The consideration of the private interests of the parties include assessment of: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Technical* 2002 WL 31433408, *2, *citing VonHoldt v. Husky Injecting Molding System Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995).

### a) Plaintiff's Choice of Forum Does not Control and the Site of Material Events Favors Transfer

Although Plaintiff's choice of forum carries at least some weight, that choice is not determinative. *Black & Decker*, 915 F.Supp., 938. The determination of the appropriate weight given to the Plaintiff's choice of forum must take into consideration the site of material events. *Technical*, 2002 WL 31433408, *3.

The fact that PTI's services are offered nationwide and may be offered in Illinois does not establish a particularly strong connection between Illinois and this cause of action. *Id.* Conversely, PTI's principal place of business and the cause of action primarily arise in California. Because Plaintiff has alleged nationwide infringement, it is clear that it could have

---

[3] By making this Motion, PTI concedes that venue properly lies in both the transferor and transferee districts.

sought relief in the Northern District of California. Further, the offering of PTI's services, the sale, design, production, and distribution of PTI's software, and the design and production of PTI's marketing materials and campaigns are located in California. The above factors "are due considerable weight because in infringement cases, 'the location of the infringer's principle place of business is often a critical and controlling consideration' because such suits 'often focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs." *Id.*, citing *Habitat Wallpaper & Blinds, Inc. v. K. T. Scott*, 807 F.Supp. 470, 474 (N.D. Ill. 1992). For these reasons, these factors favor PTI and transfer to California.

### b) The Relative Ease of Access to Evidence and Convenience of the Parties Favors Transfer

As discussed above, the focus in infringement cases is on the alleged infringer's activities, documents, and employees. *Id.* In *Technical*, this Court held that the both the relative ease of access to evidence and the convenience of the parties weighed in favor of transfer of the case to the court in which the defendant had filed a prior action for declaratory judgment. The defendant had filed a prior action in Pennsylvania. *Id.* at *2. In response, the plaintiff filed an infringement lawsuit in this Court. *Id.* This Court determined that because (1) the allegedly infringing product was designed in Pennsylvania; (2) the defendant had a regular and established place of business there; and (3) the litigation was already pending in Pennsylvania, these factors weighed in favor of transfer to Pennsylvania. *Id. at* *4.

Similarly, in this case, (1) the allegedly infringing goods and services are designed and produced in California; (2) PTI has a regular and established place of business in California; and (3) this case is currently being litigated by both parties in the Northern District of California. For these reasons, these factors favor transfer.

### c) The Convenience of the Witnesses Favors Transfer

The inconvenience of any potential non-party witnesses is relevant to determining the convenience of the witnesses *Id.*, *citing Amoco Oil v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 961 (N.D. Ill. 2000). PTI has identified a third party witness located in Northern California that is an essential witnesses to this action as it has personal knowledge of information that demonstrates that no infringement has occurred. (Karp Decl. ¶ 22). Also, PTI's relevant documents and sources of proof lie in California. For example, many of PTI's marketing and sales efforts and have been made to customers in the Northern District of California. *Id.* at ¶ 21. Further, the nature of this suit will undoubtedly "'focus on the activities of the alleged infringer, its employees, and its documents' rather than upon those of the plaintiffs." *Technical*, 2002 WL 31433408 at *3, *quoting Habitat*, 807 F.Supp. at 474. The balance of this factor weighs in favor of transfer.

### 2. The Public Interest Factors/Interests of Justice Favor Transfer

Public interests and interests of justice relate to the court's familiarity with relevant law, the speed at which the case will be decided, and the desirability of resolving controversies in their locale. The interests of justice "may be determinative" regardless of the convenience of the parties and witnesses. *Id.* at *2, *citing VonHoldt*, 887 F.Supp. 188. In this case, these factors as well as the traditional notions of judicial economy encompassed by 28 U.S.C. § 1404(a) favor transfer of this case.

### a) The Court's Familiarity with Applicable Law Does Not Disfavor Transfer

Trademark infringement is a question of federal law and the Northern District of California is equally competent to hear and decide this case. Although Plaintiff's Complaint has raised issues of state law, these claims are substantively parallel to its federal claims. Given the

similarity between Plaintiff's state and federal claims coupled with the relatively settled, and uncomplicated question of law in this case, this factor weighs in neither parties' favor. *Technical,* 2002 WL 31433408 at *6; *see also Black & Decker,* 915 F.Supp., 939 ("[T]he issues involved are not so intricate that this Court would be better able to apply Illinois law than any other federal court."). Therefore, this factor favors neither party.

### b) The Speed at Which the Case will Proceed to Trial Does Not Disfavor Transfer

As conceded by Plaintiff, there is no appreciable difference in the speed in which these matters will go to trial in either forum. (Lueck Decl. ¶ 22) Therefore, this factor favors neither party.

### c) The Presence of Related Litigation Favors Transfer

The general rule is that in order to achieve "'efficient administration of Justice, cases 'should be transferred to the district where related actions are pending.'" *Technical,* 2002 WL 31433408 at *6, *citing Carus Corp v. Greater Texas Finishing Corp.,* 1992 U.S. Dist. LEXIS 908, at *4-*5 (N.D. Ill. 1992). Transfer in this case will conserve judicial resources because Plaintiff can assert the claims it makes in this action as compulsory counterclaims in the earlier filed California action. *Koos,* 747 F.Supp., 491. Additionally, when pending litigation involves the same parties and similar, technical and infringement issues, transfer to the venue in which litigation is pending is logical and strongly favored. *Technical,* 2002 WL 31433408, *6, *citing* Berol Corp. v. BIC Corp.,* 2002 U.S. Dist. LEXIS 12932, *17 n. 5, *citing Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29 (N.D. Ill. 1980); *see also Black & Decker,* 915 F.Supp., 939. Just as in *Technical* where this Court transferred a duplicative infringement lawsuit to the court in which the first-filed declaratory action was filed, the parties, requests for relief, and technical

and infringement issues in this case are substantively identical. For these reasons, this factor weighs heavily in favor of transfer.

## V.    CONCLUSION.

In sum, the facts and procedural posture clearly demonstrate that this case is duplicative of the case moving forward in the Northern District of California. Therefore, this action should be dismissed. In the alternative, the factors of 28 U.S.C. § 1404(a) weigh in favor of transfer of this case to the Northern District of California.

WHEREFORE, the Plaintiff respectfully requests the Court to enter an order (i) granting the Motion; (ii) dismissing the above-captioned case without prejudice; or (iii) transferring the above-captioned case to the Northern District of California; and (iv) granting such additional relief this Court deems appropriate.

Respectfully submitted,

Jonathan Froemel
BARNES & THORNBURG
One N. Wacker Drive, Suite 4400
Chicago, IL  60606

Attorney for Plaintiff,
Palantir Technologies Inc.