# DECLARATION OF DR. ALEXANDER KARP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PALANTIR.NET, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 C 4271 |
| ) | |
| PALANTIR TECHNOLOGIES, INC., ) | Honorable Judge Ronald Guzman |
| ) | |
| Defendant. ) | |

## DECLARATION OF DR. ALEXANDER KARP

Dr. Alexander Karp, of full age, declares as follow:

1. I am over the age of 21 years, am competent to make this declaration, and have personal knowledge of the following.

2. I am C.E.O. of plaintiff Palantir Technologies, Inc. ("PTI"). PTI's offices are located at 1530 Page Mill Road, Palo Alto, California 94303.

3. PTI was incorporated in 2004. Since its inception, PTI has used a trade name that includes the word "palantir."

4. PTI began offering services to the public under the mark PALANTIR at least as early as August 2005.

5. PTI offers services under the mark PALANTIR throughout the United States.

6. In late January or early February 2007, PTI retained the law firm of Barnes & Thornburg to file an application with the United States Patent and Trademark Office to register the mark PALANTIR. I understand that the application was filed on February 20, 2007.

7. After the filing of that trademark application, PTI received a letter from counsel for the defendant, Palantir.net, Inc. ("PNI"), contending that our adoption and use of the mark

PALANTIR infringed on PNI's trademark rights. PNI demanded that we cease and desist use of the PALANTIR mark.

8. I did not believe that these allegations had merit. While I am not an attorney (although I did go to law school), it appeared to me that PTI and PNI were in significantly different product spaces. In addition, the word "palantir" was not original to PTI or PNI. Rather, it was a word that I understand was first used in the classic novels published by J. R. R. Tolkien many years ago.

9. I believed that if I had the opportunity to speak with the principals of PNI, I could discuss the reasons that I did not believe PTI's adoption and use of the PALANTIR mark created a problem and could attempt to reach an amicable resolution of the dispute they had created.

10. I met with the principals of PNI, Tiffany Farriss and George Demet, on June 28, 2007. At the request of Ms. Farriss and Mr. Demet, the meeting took place at the offices of their attorney, Thomas Rosenwein, and Mr. Rosenwein attended and participated in the meeting.

11. Although I was hopeful that PTI and PNI could settle this dispute amicably, I was not confident that settlement could be achieved. As a result, and in advance of the settlement meeting on June 28, 2007, I instructed PTI's counsel to prepare a complaint that could be filed in the United States District Court for the Northern District of California, where PTI is located and where I believe the dispute should be resolved.

12. The meeting on June 28 was sufficiently promising for me to commit to providing a settlement proposal to PNI.

13. After receiving the appropriate authorizations from my Board of Directors, I authorized a settlement proposal to be sent to counsel for PNI on July 13, 2007. I believed that this settlement proposal was very generous to PNI.

14. On July 25, 2007, I was provided with a copy of the counter-proposal of PNI to PTI's settlement offer and a blacklined document that identified the changes that PNI had made to PTI's proposal.

15. Based on the radical changes PNI had made to what I believed to be a very generous settlement proposal on the part of PTI, I authorized PTI's counsel to conclude preparation of, and to file the complaint against PNI.

16. I understand that the complaint was filed in the United Stated District Court for the Northern District of California on July 27, 2007.

17. At no point in my discussions with representatives of PNI did I state or imply that PTI would forego filing a lawsuit against PNI while the parties were discussing settlement.

18. At no point during my discussions with representatives of PNI did any of those representatives state or imply that they were foregoing filing of a lawsuit against PTI because of settlement discussions.

19. While the representatives of PNI made clear that they were intent upon pursuing their dispute with PTI, they never stated that they intended to file a complaint by a date certain.

20. I do not believe that by authorizing my counsel to file the pending lawsuit I violated any agreement or understanding PTI had with PNI.

21. PTI's principal place of business, offices, employees and principals are in Palo Alto, California. The offering of PTI's services, the sale, design, production, and distribution of PTI's software, and the design and production of PTI's marketing materials and campaigns emanate and are located in California either in large part or in their entirety.

22. PTI's first sale of goods and services bearing the PALANTIR trademark was to Clarium Capital Management, LLC of San Francisco, California.

FURTHER DECLARANT SAYETH NOT.

I, Alexander Karp, declare under penalties of perjury under the laws of the United States, that the foregoing is true and correct. Executed in _____, _____ on September \_\_\_, 2007.

_____
Dr. Alexander Karp

FURTHER DECLARANT SAYETH NOT.

I, Alexander Karp, declare under penalties of perjury under the laws of the United States, that the foregoing is true and correct. Executed in New York, New York on September 26, 2007.

_____
Dr. Alexander Karp

INDS02 WONG 916578v1